UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GURPINDER SINGH GILL,<br><br>                  Petitioner,<br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>                  Respondents. | CASE NO. 2:26-cv-00473-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

       Petitioner Gurpinder Singh Gill ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On February 9, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1. The Petition has been fully briefed. Dkts. 1, 5, 8.

       Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.[1]

//

---

[1] The parties have consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

## I. BACKGROUND

Petitioner is a native and citizen of India who entered the United States without admission or parole on or about March 23, 2023, near San Luis, Arizona, and was arrested by U.S. Border Patrol officers at that time. Dkt. 6 ¶ 3 (Rosa Decl.). The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). *Id*. ¶ 5; Dkt. 7-2, Ex. 2 (Wong Decl.). On the same day, DHS released Petitioner on an Order of Recognizance ("OREC") with various conditions and reporting requirements. Dkt. 6 ¶ 6; Dkt. 7-3, Ex. 3. On June 26, 2023, Petitioner filed an application for relief with the immigration court. Dkt. 6 ¶ 7.

After his release, Petitioner complied with the conditions of his OREC and attended every ICE check-in. Dkt. 1 ¶ 22. However, on November 30, 2025, the Port Townsend Police Department arrested and charged Petitioner with Driving Under the Influence ("DUI"). Dkt. 6 ¶ 8; Dkt. 1 ¶ 22. On February 3, 2026, the District Court of Washington for Jefferson County dismissed the DUI charge against Petitioner. Dkt. 1 ¶ 22. To date, Petitioner has no criminal history in the United States or any other country. *Id*.

On December 10, 2025, Petitioner reported to the Seattle Enforcement and Removal Operations ("ERO") office for his required check-in date. Dkt. 6 ¶ 9. During this visit, ERO became aware of Petitioner's DUI charge, and, as a result, his OREC was revoked. *Id*. ¶ 9; Dkt. 7-5, Ex. 5. On the same day, Petitioner was taken into custody after an administrative warrant was issued for his arrest, and then transported to NWIPC, where he is currently detained. Dkt. 6 ¶ 9; Dkt. 7-4, Ex. 4. To date, Petitioner has not had a bond hearing and is not currently scheduled to appear for a bond hearing. Dkt. 6 ¶ 14.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

## II. PROCEDURAL HISTORY

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on February 9, 2026. Dkt. 1. On February 24, 2026, Respondents filed a Return arguing Petitioner's re-detention comports with due process. Dkt. 5. On March 2, 2026, Petitioner filed a Traverse. Dkt. 8.

The sole ground for habeas relief raised in the Petition is that Petitioner's re-detention without written notice and a legally sufficient pre-deprivation hearing violates his constitutional guarantees of due process under the Fifth Amendment. Dkt. 1; *see also* Dkt. 8. Respondents disagree, claiming that Petitioner's re-detention was warranted and within Respondents' statutory authority. Dkt. 5. Having reviewed the parties' arguments and the relevant legal authority, the Court agrees with Petitioner and **GRANTS** habeas relief for the following reasons.

## III. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's

counwtervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

## IV.    DISCUSSION

All three *Mathews* factors weigh in favor of Petitioner: (1) he has a protected liberty interest against re-detention within NWIPC following his prior release, (2) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (3) the governmental interest in Petitioner's re-detention without a hearing is minimal or non-existent.[2]

Respondents assert that they acted within their statutory authority to re-detain Petitioner without prior notice or hearing. *See* Dkt. 5. As Petitioner correctly argues, and courts in this District have made clear, Respondents' asserted statutory authority to detain does not validate an invasion of Petitioner's liberty interest without constitutionally guaranteed process.[3] *See* Dkt. 8

---

[2] The application of the *Mathews* factors to the case at bar is consistent with a high volume of similar cases within the District. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *3–4 (W.D. Wash. Sept. 17, 2025); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7–9 (W.D. Wash. Oct. 7, 2025); *Francois v. Wamsley*, No. 25-cv-2122-RSM, 2025 WL 3496557, at *3–4 (W.D. Wash. Dec. 5, 2025); *A.C.J. v. Hermosillo*, No. 2:25-cv-02486-DGE, 2026 WL 73857, at *3–5 (W.D. Wash. Jan. 9, 2026); *Perez v. Hermosillo*, No. 25-cv-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *Yildirim v. Hermosillo*, No. 25-cv-2696-KKE, 2026 WL 111358, at *2–4 (W.D. Wash. Jan. 15, 2026); *G.S. v. Hermosillo*, No. 25-cv-2704-TSZ, 2026 WL 179962, at *3 (W.D. Wash. Jan. 22, 2026); *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *6–8 (W.D. Wash. Jan. 20, 2026); *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *3–4 (W.D. Wash. Jan. 30, 2026); *Arroyo Silva v. Hermosillo*, No. 2:26-cv-00179-GJL, 2026 WL 445003, at *4–6 (W.D. Wash. Feb. 17, 2026); *Singh v. Noem*, No. 2:26-cv-00403-GJL, 2026 WL 555397, at *2–3 (W.D. Wash. Feb. 27, 2026).

[3] Petitioner does not contest Respondents' statutory authority to detain under Section 1225(b) of the INA, but argues that, "[e]ven if Respondents could properly invoke § 1225(b) [here], that statutory label does not eliminate constitutional due process." Dkt. 8 at 7. The Court agrees with Petitioner here and notes that such claimed authority under Section 1225(b) of the INA is dubious and entirely inconsistent with Respondents' application of this provision in the case at bar. It is undisputed that Petitioner was released on his own recognizance and living in the United States before he was re-detained at NWIPC. This casts considerable doubt on Respondents' argument that this Petitioner is currently an "applicant for admission" subject to mandatory detention under § 1225(b). Dkt. 5 at 5. *See, e.g., Herrera Gomez v. Wamsley*, No. 2:25-cv-02642-JNW, 2026 WL 279966, at *2 (W.D. Wash. Feb. 3, 2026) ("This Court has previously rejected the Government's Section 1225(b) argument and does so again here.") (citing *Ledesma Gonzalez*, 2025 WL 2841574, at *3–4). Indeed, Respondents in part rely on the Fifth Circuit Court of Appeals' decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), in

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

at 3–7; *Shinwari*, 2026 WL 262605, at *3 ("As multiple courts in this district have found in similar cases, even if a particular statute or regulation does not require a pre-arrest hearing in these specific circumstances, this does not mean such a hearing is not required by Due Process.") (citations and quotations omitted); *P.T.*, 2025 WL 3294988, at *2 ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained.").

Respondents also contend that due process does not require a pre-deprivation hearing in all circumstances where individuals are detained after being released, including in Petitioner's case. Dkt. 5 at 8. They claim, "[i]f DHS is required to have a pre-detention hearing when a person violates conditions of release, it would inhibit the Executive's function of immigration enforcement." *Id*. However, this argument fails for the very reason that the central issue here is *the process* by which re-detention occurred, not whether it was warranted. *Ramirez Tesara*, 800 F. Supp. 3d at 1137 ("[T]he fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."); *Yildirim*, 2026 WL 111358, at *4 (noting that any factual disputes related to the justification for the petitioner's re-detention should have been resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).

---

support of their position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See* Dkt. 5 at 5–6. However, with respect to the Fifth Circuit, this split decision is not binding on this Court, and fails to persuade this Court to revisit its view of the statutory text or the relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

1       In sum, irrespective of whether re-detention was authorized or warranted, the
2 Constitution guarantees notice and an opportunity to be heard before Petitioner can be removed
3 from his family, home, employment, and community. Such disruptions to the life of this
4 individual are constrained by the constitutional guarantee of providing a pre-deprivation notice
5 and hearing required by application of the *Mathews* factors in this case. *See, e.g., P.T. v.*
6 *Hermosillo*, 2025 WL 3294988, at *4 (collecting cases); *G.S.*, 2026 WL 179962, at *3 (same).
7 Indeed, these processes serve "as a crucial bulwark against the unfettered disregard of individual
8 liberty interests." *Id.* at *3.

9       Accordingly, the Court finds that, in re-detaining him without prior notice and an
10 opportunity to be heard, Respondents violated Petitioner's procedural due process rights.
11 Petitioner is, therefore, entitled to habeas relief for these constitutional deprivations in the form
12 of immediate release from custody.

### V.     REMEDY

14       Petitioner, in conjunction with his request for release from custody, asks that
15 Respondents be prohibited from re-detaining him during the pendency of his removal
16 proceedings without providing written notice and a hearing prior to re-detention at which
17 Respondents would bear the burden of proving by clear and convincing evidence that he is a
18 flight risk or a danger to the community, and that no alternatives to detention would mitigate
19 those risks. *See* Dkt. 1 at 10–11.

20       The Court concurs that, consistent with the requirements of due process, Respondents
21 must provide written notice and a hearing before a neutral decisionmaker prior to any re-
22 detention of Petitioner. To the extent Petitioner requests that Respondents also be required to
23 consider alternatives to detention at any re-detention hearing, he has failed to establish this

additional procedural protection is constitutionally required. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

## VI. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Petitioner's habeas Petition (Dkt. 1) is **GRANTED**;

(2) Respondents **SHALL release** Petitioner from custody **within 24 HOURS** under the conditions consistent with those in place at the time of his re-detention;

(3) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT re-detain** Petitioner until after an Immigration Court hearing is held (on adequate notice) to determine whether detention is appropriate, or until Petitioner is issued a final order of removal.

(4) Respondents **SHALL** file a certification within **48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release; and

(5) Any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 11th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge